IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECIL M. FERGUSON, #272 193, | ) |
| WILLIAM W. HORSMAN, #110 184, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-1012-WKW |
| | )                    [WO] |
| | ) |
| KIM THOMAS, COMMISSIONER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Pursuant to 28 U.S.C. §§ 1441 and 1446 the instant complaint has been removed to this court by Defendants Commissioner Kim Thomas, Warden DeWayne Estes, Business Manager Jennifer Taylor, Warden Kenneth Jones, and Warden Karla Jones. In this removal action, Plaintiffs, inmates confined at the Limestone Correctional Facility in Harvest, Alabama, complain about matters associated with prison overcrowding, second-hand smoke, and financial practices associated with various prison services, *e.g.*, canteen, telephone, and prison money on deposit accounts. *Doc. No. 1, Exh. A*.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the action about which Plaintiffs complain occurred or are occurring in the Northern District of Alabama.  In addition, Defendants Estes and Taylor reside in the Northern District of Alabama, as do all individuals with personal knowledge of the alleged violation of Plaintiffs' constitutional rights.  Although by virtue of their positions as Governor of the State of Alabama and Commissioner of the Alabama Department of Corrections, Defendants Bentley and Thomas reside in the Middle District of Alabama, they are  subject to service of process throughout the state and commonly defends suits in all federal courts of this state.[1]  Although

---

[1] In transferring this case, this court makes no determination with respect to the merits of Plaintiffs' claims for relief against any of the named defendants.

Defendants Kenneth Jones and Karla Jones also reside in the Middle District, to the extent Plaintiffs named them as parties in an effort to litigate claims on behalf of other inmates throughout Alabama's prison system, the court notes Plaintiffs lack standing to assert the constitutional rights of other persons. *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960)  ("[A] litigant may only assert his own constitutional rights or immunities."). It is, therefore, clear that a majority of the witnesses and evidence associated with Plaintiffs' claims regarding alleged violations of their constitutional rights are located in the Northern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before November 17, 2014**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2014.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE