IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CECIL M. FERGUSON and<br>WILLIAM W. HORSMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO. 2:14-CV-1012-WKW |
| v. | ) | (WO) Do Not Publish |
| | ) | |
| KIM THOMAS, | ) | |
| COMMISSIONER, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 3, 2014, the Magistrate Judge filed a Recommendation in this case, in which it was recommended that this case be transferred to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.  (Doc. # 3.)   No timely objections to the Recommendation were filed.  On November 5, 2014, however, Plaintiffs did file an objection to the removal of this case from state court.  (Doc. # 5.)   Upon consideration of Defendants' Notice of Removal (Doc. # 1) and Plaintiffs' Objections to the Removal Filed by the Defendants (Doc. # 5), it is ORDERED that Plaintiffs' Objections are OVERRULED.

A review of Defendants' notice of removal reflects that they carried the burden of showing the propriety of removal in this case.  The notice of removal was timely filed, and the allegations in the complaint of constitutional violations

reflect that the matter is one over which this court has original jurisdiction. Because 28 U.S.C. § 1441(a) specifically allows removal of cases from state court of civil actions over which the district court has original jurisdiction, Defendants were entitled to remove this case to federal court. Additionally, supplemental jurisdiction may be exercised by the court under 28 U.S.C. § 1367 over state law claims that, as here, do not dominate federal law claims.  Plaintiffs' objection to removal does not provide legal grounds upon which a motion to remand can rest and, instead, merely indicates Plaintiffs' displeasure with a federal forum.

DONE this 12th day of December, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE